UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS KEVIN JENKINS,

                Plaintiff,

   v.

SEARS LIFE INSURANCE COMPANY,

                Defendant.

Civil Action No. 14-1714 (BAH)

## MEMORANDUM OPINION

Thomas Kevin Jenkins ("the plaintiff"), a resident of Washington, D.C. who is proceeding *pro se*, filed this action against Sears Life Insurance Company ("SLIC"), a resident of Texas. The plaintiff alleged, *inter alia*, that SLIC breached a contract and engaged in fraud by denying payment of life insurance proceeds to the plaintiff upon the death of his father, the insured. Following a period of nearly ten months for discovery, SLIC has moved for summary judgment. For the reasons discussed below, this motion will be granted.

"Luther H. Jenkins . . . purchased accidental death coverage from SLIC, as reflected in Certificate of Accidental Death Insurance No. 958163361 (the 'Certificate')." Mem. of P. & A. in Support of Def.'s Mot. for Summ. J. ("Def.'s Mem."), Decl. of Autumn Wilkins ("Wilkins Decl.") ¶ 4. The Certificate became effective on February 13, 2007, and offered the following benefits:

> The Certificate provided a limited 3-tier death benefit based on the Insured's cause of death, if an insured person dies directly as the result of an accident within the scope of the Certificate's coverage. For accidents not involving a common carrier or passenger vehicle, the accidental death benefit was $50,000. In any event, the coverage is limited to Accidental Death, which is defined as death resulting

1

> directly from bodily injury effected solely through external, violent and external means . . . . [I]n the Exclusions section, the Certificate expressly provides that it does not cover Loss caused directly by disease[] or bodily or mental infirmity.

Wilkins Decl. ¶ 5 (internal citations and quotation marks omitted).  Mr. Jenkins named his wife, Elizabeth Jenkins, the primary beneficiary; he did not name a contingent beneficiary.  *Id*. ¶¶ 7, 9, 17; *see id*., Ex. B (Application for Beneficiary Change).  If Mrs. Jenkins were not living at the time of Mr. Jenkins' death, any benefits would have been paid to Mr. Jenkins' estate.  *Id*. ¶ 11; *see id*., Ex. D (Letter to Luther H. Jenkins from Policy Administration, SLIC, dated October 15, 2009).  Mr. Jenkins died on December 8, 2013, and the causes of his death were cardiopulmonary arrest, aspiration and coronary artery disease.  *Id*. ¶ 13; *see id*., Ex. E (Certification of Vital Record, State of South Carolina, issued January 30, 2014).

The plaintiff, who is Mr. Jenkins' son, was not a beneficiary on the Certificate.  *Id*. ¶ 17.  Nevertheless, the plaintiff submitted to SLIC a claim for benefits in or about May 2014.  *Id*.; *see id*. Ex. F (Accidental Death Claim Form).  SLIC denied the claim, explaining:

> The [C]ertificate under which [Mr. Jenkins] is insured provides an accidental death benefit provided death occurs as a direct result of an accidental injury and death occurs within 365 days of the covered accident causing the injury.  The information received to date, the Death Certificate, indicates [Mr. Jenkins'] death was not the direct result of an injury[] resulting from a covered accident.
> For these and other reasons, none of which are waived, there is no basis to pay this claim . . . .

*Id*., Ex. G (Letter to plaintiff from Claim Department, SLIC, dated May 22, 2014).  The plaintiff had an opportunity to submit more information in support of his claim, but he "never provided to SLIC any additional documents during the claim adjustment [period] or after the claim was denied that advised SLIC that [Mr. Jenkins'] cause of death was from anything other than cardiopulmonary arrest, aspiration [and] coronary artery disease as shown on the Death Certificate."  *Id*. ¶ 20 (internal quotation marks omitted).

2

On October 2, 2015, SLIC filed the pending motion for summary judgment.  Def.'s Mot. for Summ. J., ECF No. 8.  On October 5, 2015, the Court issued an Order advising the plaintiff of his obligations under the Federal Rules of Civil Procedure and the local rules of this Court to respond to the motion, and specifically warned the plaintiff that, if he did not respond to the motion by November 5, 2015, the Court would treat the motion as conceded.  Order, ECF No. 9.  Despite the opportunity provided to the plaintiff "to properly address [SLIC's] assertion[s] of fact," Fed. R. Civ. P. 59(e), to date, the plaintiff has not filed an opposition to the motion, requested more time to file his opposition, or advised the Court of any change of address.  Consequently, for purposes of this Memorandum Opinion, the above facts are deemed admitted.  *See* Fed. R. Civ. P. 56(e)(2) (authorizing court, when non-moving party "fails to properly address another party's assertion of fact as required by Rule 56(c)," to "consider the fact undisputed for purposes of the motion"); *Grimes v. District of Columbia*, 794 F.3d 83, 94 (D.C. Cir. 2015) (noting that plaintiff has "burden to identify evidence that a reasonable jury could credit in support of each essential element of [his] claims" and "cannot rely on the allegations of [his] own complaint in response to a summary judgment motion, but must substantiate them with evidence"); LCvR 7(h)(1) ("In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues.").

When, as here, the plaintiff fails to respond to a motion for summary judgment, "[a] defendant moving for summary judgment must still 'discharge the burden the rules place upon him: It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case.'" *Grimes*, 794 F.3d at 93 (quoting *Celotex Corp. v. Catrett Corp.*, 477 U.S. 317, 328 (1986) (White, J.,

concurring). "The burden that the movant 'always bears' is that of 'informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Id*. at 93-94 (quoting *Celotex*, 477 U.S. at 323); *see Alexander v. FBI*, 691 F. Supp. 2d 182, 193 (D.D.C. 2010) ("[E]ven where a summary judgment motion is unopposed, it is only properly granted when the movant has met its burden."). Here, SLIC has met its burden.

The plaintiff alleges that SLIC wrongfully denied his claim for benefits following Mr. Jenkins' death. *See* Compl. at 5. As SLIC points out, *see* Def.'s Mem. at 2-4, the plaintiff lacks standing to bring his claim because he is not a beneficiary to the Certificate, *see Gavin v. Prudential Office of Servicemen's Group Life Ins. Co.*, 72 F. Supp. 3d 332, 336-37 (D.D.C. 2014), *appeal docketed*, No. 15-7007 (D.C. Cir. Jan. 20, 2015). Even if the plaintiff had standing to bring his claim, Mr. Jenkins' cause of death is not the direct result of a bodily injury sustained through external, violent and external means, and therefore his death was not accidental for purposes of the Certificate. *See Haley v. Am. Int'l Life Assurance Co. of New York*, 789 F. Supp. 260, 264 (E.D. Ill. 1992); *cf. New York Life Ins. Co. v. Gamer*, 303 U.S. 161, 176 (1938) ("Proof of death by external and violent means has uniformly been held to establish death by accident.").

SLIC has demonstrated that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Therefore, the Court will grant summary judgment in SLIC's favor. An Order is issued separately.

DATE: November 25, 2015                                                        /s/ *Beryl A. Howell*

                                                                         BERYL A. HOWELL
                                                                         United States District Judge